MANDATORY FORM PLAN (Revised 10/01/2020)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN    DIVISION at DAYTON

| | | |
|---|---|---|
| In re    Robert J. Yant | ) | Case No.    3:20-bk-32334 |
|          Catherine J. Yant | ) | |
| | ) | Chapter 13 |
| | ) | Judge    Guy R. Humphrey |
|          Debtor(s) | | |

# CHAPTER 13 PLAN

## 1. NOTICES

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).

☐ Debtor _____ is **not eligible** for a discharge.

☐ Joint Debtor _____ is **not eligible** for a discharge.

☐ **Initial Plan**

☒ **Amended Plan**   The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee, and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly highlighted in a conspicuous manner in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.

☒ This Plan contains nonstandard provisions in Paragraph 13.

☐ The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2(A) and/or 5.1.4(A).

☒ The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2, and/or 5.4.3.

**NOTICES TO CREDITORS:** You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.

## 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $ __2,310.00__ per month. [Enter step payments below, if any.] The Debtor shall commence making payments not later than thirty (30) days after the date of filing of the Plan or the order for relief, whichever is earlier. § 1326(a)(1).

**2.1.1 Step Payments, if any:** _____

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of __9__ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %.

**2.3 Means Test Determination**

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

Upon notice filed with the Court, the Trustee is authorized to administratively increase the proposed percentage payable to nonpriority unsecured creditors to ensure the Plan complies with § 1325(b)(1)(B).

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
| CNAC | 2014 Dodge Grand Caravan | $238.90 |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1 <u>Non-Governmental Unit Secured Claims</u>. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2(A) and 5.1.4(A). Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2, and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2 <u>Governmental Unit Secured Claims</u>. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3 <u>Service Requirements</u>. If the Debtor proposes to seek relief under Paragraphs 5.1.2(A), 5.1.4(A), 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), and Rule 4003(d).

4.4 <u>Retention of Lien.</u> The holder of any claim listed in Paragraphs 5.1.2(A) or (B), 5.1.3, 5.1.4(A) or (B), and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of -- (a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under § 1328, or (c) completion of the Plan -- at which time the lien will terminate and be released by the creditor.

## 5. PAYMENTS TO CREDITORS

### SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Treatment of Claims with a Non-Filing Codebtor, Guarantor, or Third Party | See Paragraph 5.5 |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient. If the Trustee receives written communication from a creditor that a claim has been paid in full, released, waived, or otherwise deemed satisfied, the Trustee may file a Notice of Deemed Satisfaction of Claim with the Court and distribute any funds returned to the Trustee relating to such claim to other creditors without further order of the Court.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The Plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full Plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated to include the payment due the month after the filing of the petition. For mortgage loan claims disbursed by the Trustee, arrearage payments shall be calculated to include the payment due for the month of the filing of the petition. Arrearages shall be listed in Paragraph 5.2.1 and paid as Class 2 claims.

**Trustee disburse.**

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may be paid directly by the Debtor only if the mortgage is current as of the petition date. LBR 3015-1(d).

**5.1.2 Modified Mortgages or Liens Secured by Real Property**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the Plan is due. §§ 1322(b)(2), (c)(2).

**5.1.2(A)** <u>Cramdown/Real Property</u>. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

**5.1.2(B)** <u>Non-Cramdown/Real Property</u>. The full amount of the following claims shall be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| CNAC | 2014 Dodge Grand Caravan | 1/31/2019 | $10,804.00 | 8% | $238.90 | |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable**
The following claims are secured by personal property not described above in Paragraph 5.1.3.

**5.1.4(A)** <u>Cramdown/Personal Property</u>. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

**5.1.4(B)** <u>Non-Cramdown/Personal Property</u>. The full amount of the following claims will be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

**5.1.5 Domestic Support Obligations (Ongoing) - Priority Claims under § 507(a)(1)**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee. Arrearages shall be listed in Paragraph 5.2.2 and paid as Class 2 claims.

### 5.1.6 Executory Contracts and Unexpired Leases

**Service Requirements.** The Plan shall be served on the holder of any executory contract or unexpired lease listed in Paragraph 5.1.6.

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** A proof of claim for rejection damages must be filed by the creditor within ninety (90) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(c)(1). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| Kuethers' Woods LLC | 263 Marker Road Versailles, OH 45380 | 62 | $1,297.69 | $3,893.07 | 12/31/2025 |

**Debtor direct pay.**

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| Randall E. Breaden | $3,700.00 | $3,100.00 | $258.33 |

### 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

#### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment, and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims. The interest rate in Paragraph 7 does not apply to claims in this Paragraph.

#### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | Claim to be Paid by | |
|---|---|---|---|---|
| | | $ | ☐ Debtor ☐ Trustee | |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| | Name of Creditor / Procedure | Property Address | Value of Property | Exemption | |
|---|---|---|---|---|---|
| 1 | Wilson Memorial Hospital<br>☒ Motion<br>☐ Plan | 4560 Grubbs-Rex Road Arcanum, OH 45304 | $98,170.00<br>Debtor's Interest<br>$98,170.00 | $98,170.00<br>Statutory Basis<br>§ 2329.66(A)(1) | |
| 2 | HS Financial Group, LLC<br>☒ Motion<br>☐ Plan | 4560 Grubbs-Rex Road Arcanum, OH 45304 | $98,170.00<br>Debtor's Interest<br>$98,170.00 | $98,170.00<br>Statutory Basis<br>§ 2329.66(A)(1) | |
| | OTHER Liens or Mortgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided | |
| 1 | $ | (Lienholder name HERE) | $2,326.00<br>Recorded Date<br>06/28/19 | $2,326.00<br>Effective Upon:<br>Judgment Entry Avoiding Lien | |
| 2 | $2,326.00 | Wilson Memorial Hospital | $1,021.00<br>Recorded Date<br>06/13/20 | $1,021.00<br>Effective Upon:<br>Judgment Entry Avoiding Lien | |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

### 5.4.4 Mortgages to be Avoided Under § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

### 5.5 CLASS 5 - TREATMENT OF CLAIMS WITH A NON-FILING CODEBTOR, GUARANTOR, OR THIRD PARTY

**5.5(A) Claims Paid by Non-Filing Codebtor, Guarantor, or Third Party**. The following claims shall not be paid by the Trustee or the Debtor but shall be paid by a non-filing codebtor, guarantor, or third party.

**5.5(B) Claims Paid by Debtor or Trustee**. The following claims with a non-filing codebtor or guarantor shall be paid by the Debtor or Trustee.

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims, which are not otherwise addressed in the Plan, shall not be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Description of Claim/Collateral | Monthly Payment Amount | |
|---|---|---|---|
| Scott J. Zumbrink, Darke County Treasurer | 4560 Grubbs-Rex Road Arcanum, OH 45304 | $111.27 | |
| Scott J. Zumbrink, Darke County Treasurer | 263 Marker Road Versailles, OH 45380 | $114.60 | |

### 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property | |
|---|---|---|
| Bank of America, N.A. | 9320 U.S. Route 36 Bradford, OH 45308 | |

### 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court, or provided for in this Plan and except for claims treated in paragraph 5.1.1 and 5.2.1, secured claims shall be paid interest at the annual percentage rate of __8__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

### 8.1 Federal Income Tax Returns

The Debtor shall provide the Trustee with a copy of each federal income tax return by April 30 of each year, unless otherwise ordered by the Court.

### 8.2 Federal Income Tax Refunds

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and, unless otherwise ordered by the Court, shall turn over any balance in excess of such amount to the Trustee by June 1 of each year. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

### 9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

### 9.2 Personal Injury, Workers Compensation, Bonuses, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Funds to Which the Debtor May Be Entitled or Becomes Entitled to Receive

The Debtor shall keep the Trustee informed as to any claim for or receipt of money or property regarding personal injury, workers compensation, bonuses, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or receipt of social security funds.

## 10. INSURANCE

### 10.1 Insurance Information

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information | |
|---|---|---|---|---|---|
| 4560 Grubbs-Rex Road Arcanum, OH 45304 | Progressive Insurance Group | XXXXX6900 | Full | Progressive Insurance Company P.O. Box 31260 Tampa, FL 33631 | |
| 2014 Dodge Grand Caravan | Progressive Insurance Group | XXXXX6900 | Full | Progressive Insurance Company P.O. Box 31260 Tampa, FL 33631 | |
| 1995 Dodge Ram 1500 | Progressive Insurance Group | XXXXX6900 | Liability | Progressive Insurance Company P.O. Box 31260 Tampa, FL 33631 | |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions | |
|---|---|

Case 3:20-bk-32334    Doc 27    Filed 01/04/21    Entered 01/04/21 15:56:34    Desc Main
MANDATORY FORM PLAN (Revised 10/01/2020)     Document      Page 10 of 15

| | |
|---|---|
| Debtors propose to surrender the real property at 9320 U.S. Route 36, Bradford, Ohio 45308 to the Creditor, Bank of America, N.A.  Upon confirmation of the Plan, the stay affecting this property shall be deemed modified to allow in rem disposition of the collateral to effect the surrender.  Pursuant to L.B.R. 3001-1(d)(2), the Trustee will NOT pay on this claim to the listed Creditor until the Creditor files a deficiency claim.  The deficiency claim shall be filed no later than 180 days from the date the Plan is confirmed.  If the deficiency claim is filed more than 180 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the Creditor filing timely a Motion to Extend Time to File a Deficiency Claim Out of Time.  The personal liability of the Debtors shall be discharged upon completion of the Plan, or any subsequent amendments thereto, and the entry of an Order of Discharge. | |
| This references the claim of Kuethers' Woods, LLC set forth in Paragraph 5.1.6.  The Debtors assume the Land Installment Contract.  The Debtors propose to pay this Land Installment Contract, in full, at 5.25% interest as a Class 2 Claim.  There are approximately 62 monthly payments remaining.  There is an approximate arrearage of $3,893.07.  The estimated principal owed is $75,581.87.  The proof of claim amount shall control, subject to the claims objection process.  Class 2 claims shall be paid second and shall be paid pro-rata with the other Class 2 claims.  The interest rate in Paragraph 7 does not apply to this claim. | |
| The Debtors will file an objection to the proof of claim filed by the Ohio Department of Taxation, as well as an adversary proceeding, challenging the validity of the sales tax assessments, paragraphs 1 through 15 of said claim, as well as the secured nature of any statutory liens filed.  The Trustee shall NOT pay any portion of the filed claim, until a resolution of these issues is determined. | |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 01/04/21

|  |  |
|---|---|
|  | /s/  Randall E. Breaden |
|  | Randall E. Breaden  #0011453 |
|  | The Law Office of Randall E. Breaden, LLC |
|  | 414 Walnut Street, Greenville, OH 45331 |
|  | **Ph:** 937-548-1920 |
|  | **Fx:** 937-548-1719 |
|  | rebreaden@breadenlaw.com |

**Debtor**                                                                                             **Joint Debtor**

/s/ Robert J. Yant                                                                              /s/ Catherine J. Yant

**Date:** 01/04/21                                                                                **Date:** 01/04/21

### NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 plan or an amended Chapter 13 plan (hereafter, the "<u>Plan</u>").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file a written objection to the Plan. Objections to confirmation of an initial plan shall be filed within fourteen (14) days after the § 341 meeting of creditors is concluded. Objections to confirmation of an amended plan shall be filed with the later of twenty-one (21) days after service of the amended plan or fourteen (14) days after the 341 meeting of creditors is concluded. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by first class mail to the United States Bankruptcy Court

> 120 West Third Street, Dayton OH 45402

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) first class mail to:

Robert J. Yant & Catherine J. Yant, 4560 Grubbs-Rex Road, Arcanum, OH 45304
Randall E. Breaden
Mary Elizabeth Lentz
Laura L. Peters
Raympnd J. Pikna
Community Loan Servicing, LLC, c/o Bryan S. Fairman, 4375 Jutland Drive, Suite # 200, P.O. Box 17933, San Diego, CA 92177-0933
John G. Jansing, 131 North Ludlow Street, Suite 900, Dayton, OH 45402
and the United States trustee.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Chapter 13 Plan** was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and

by first class mail on _____01/04/21_____ addressed to:

Eric Dewey, V.P., CNAC at Byrider, 12802 Hamilton Crossing Blvd., Carmel, IN 46032
Brian Moynihan, CEO, Bank of America, 100 North Tryon Street, Charlotte, NC 28255
Joseph B. Kuether, Member, Kuethers' Woods, LLC, P.O. Box 320, Ft. Loramie, OH 45845
Mark Dooley, CEO Wilson memorial Hospital, 915 Michigan Street, Sidney, OH 45365
Tim Sullivan, President, HS Financial Group, LLC, Law Offices of Timothy M. Sullivan, 18013 Cleveland PKWY, Suite # 180, Cleveland, OH 44135
Santander Consumer USA, Inc., P.O. Box 961245, Fort Worth, TX 76161
and all creditors and parties in interest shown on the attached Creditor Matrix

/**s/**/ Randall E. Breaden
Randall E. Breaden  #0011453
The Law Office of Randall E. Breaden, LLC
414 Walnut Street, Greenville, OH 45331

**Ph:** 937-548-1920
**Fx:** 937-548-1719
rebreaden@breadenlaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-3<br>Case 3:20-bk-32334<br>Southern District of Ohio<br>Dayton<br>Mon Jan  4 10:56:05 EST 2021 | Community Loan Servicing, LLC<br>ALDRIDGE PITE, LLP<br>c/o Bryan S. Fairman<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | Anesthesiology Services Network<br>c/o Choice Recovery Inc.<br>1550 Old Henderson Road, Suite # S<br>Columbus, OH 43220-3626 |
| Asst US Trustee (Day)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 | Autobanc Corp d/b/a CNAC<br>Attn:  Beth E. Harrah<br>7400 N Shadeland Ave., Suite 200<br>Indianapolis, IN 46250-2076 | Bank of America, N.A.<br>P.O. Box 261319<br>Plano, TX 75026-1319 |
| Bank of Missouri/Total Card<br>5109 S. Broadband Lane<br>Sioux Falls, SD 57108-2208 | Bridgecrest credit company, LLC<br>PO Box 29018 Phoenix AZ 85038 | CNAC<br>12802 Hamilton Crossing Blvd.<br>Carmel, IN 46032-5424 |
| CenturyLink<br>100 Centurylink Drive<br>Monroe, LA 71203-2041 | Choice Recovery<br>7400 N. Shadeland Ave.<br>Indianapolis, IN 46250-2084 | Cintas Corporation<br>850 Center Drive<br>Vandalia, OH 45377-3151 |
| Coast to Coast Financial<br>PO Box 2086<br>Thousand Oaks, CA 91358-2086 | Community Loan Servicing, LLC<br>f/k/a Bayview Loan Servicing, LLC<br>4425 Ponce De Leon Blvd., 5th Floor<br>Coral Gables, FL 33146-1873 | DAYTON CHILDRENS MEDICAL CENTER<br>C/O NATIONWIDE RECOVERY SERVICE<br>PO BOX 8005<br>CLEVELAND, TN 37320-8005 |
| Eagle Loan Company of Ohio, Inc.<br>PO Box 54927<br>Cincinnati OH 45254-0927 | Family Health Services of Darke County<br>5735 Meeker Road<br>Greenville, OH 45331-1186 | Finance Systems of Richmond<br>5703 National Road E.<br>Richmond, IN 47374-2619 |
| HS Financial Group LLC<br>1801 Cleveland Pkwy Suite 170<br>Cleveland OH 44135 | Key Bridge<br>2348 Baton Rouge<br>P.O. Box 1568<br>Lima, OH 45802-1568 | KeyBridge Medical Revenue Care<br>PO Box 1568<br>Lima, OH 45802-1568 |
| Kuethers' Woods LLC<br>P.O. Box 320<br>Fort Loramie, OH 45845-0320 | Kuethers' Woods, LLC<br>263 Marker Rd.<br>Versailles, OH 45380-9495 | LTD ACQUISITIONS, LLC<br>3200 Wilcrest Dr. Suite 600<br>HOUSTON, TX 77042-6000 |
| Lendumo in co ZenResolve<br>Ste 300, PMB 9612<br>Phoenix, AZ 85028 | MId Ohio Acceptance<br>1190 N. County Road 25A<br>Troy, OH 45373-1355 | NAVY FEDERAL CREDIT UNION<br>P O BOX 3000<br>MERRIFIELD, VA 22119-3000 |
| National Credit Adjusters, LLC<br>Attn: Bankruptcy Department<br>P.O. Box 3023 Hutchinson, KS. 67504 | Ohio Department of Taxation<br>Attn: Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43266-0030 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216-0530 |

Ohio Department of Taxation
c/o Ohio Attorney General Collections En
Attn: Bankruptcy Unit
150 E. Gay Street, 21st Floor
Columbus, OH 43215-3191

Ohio Emergency Professionals
c/o Consumer Adjustment Company
12855 Tesson Ferry Road
Saint Louis, MO 63128-2911

PHYS & SURGEONS AMBULANCE SERVICES INC
WAKEFIELD & ASSOCIATES
PO BOX 50250
KNOXVILLE, TN 37950-0250

Paul E Wagner
507 S Broadway
Greenville 45331-1928

Physicians Surgeons Ambulance Services
c/o Wakefield and Associates, Inc.
P.O. Box 50250
Knoxville, TN 37950-0250

Progressive
c/o Caine & Weiner Company, Inc.
5806 Sepulveda Blvd., 4th Floor
Van Nuys, CA 91411

Pulmonary Associates
c/o Choice Recovery, Inc.
1500 Old Henderson Road, Suite # S
Columbus, OH 43220

(p)RBC
PO BOX 1548
MANSFIELD OH 44901-1548

Santander Consumer USA
Attn: Bankruptcy Dept.
PO Box 560284
Dallas, TX 75356-0284

Santander Consumer USA Inc.
P.O. Box 560284
Dallas, TX 75356-0284

Scolopax, LLC
C/O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Speedy/Rapid Cash
PO Box 780408
Wichita, Ks 67278-0408

Speedycash Com 166 OH
c/o AD Astra Recovery Services
7330 W 33rd Street, North, Suite #
Wichita, KS 67205-9369

Tea Olive, LLC
PO BOX 1931
Burlingame, CA 94011-1931

The Bank of Missouri
216 West 2nd Street
Dixon, MO 65459-8048

Thomas L. Guillozet, Esq.
Hanes Law Group, Ltd.
207 East Main Street
Versailles, OH 45380-1521

U.S. Department of Education
c/o FedLoan Servicing
P.O. Box 69184
Harrisburg, PA 17106-9184

United Telephone Company of Ohio
Centurylink Communications, LLC.-Bankrup
1025 El Dorado Blvd (Attn: Legal-BKY)
Broomfield, CO 80021-8254

Upper Valley Medical Center
PO Box 932715
Cleveland, OH 44193-0015

Utah Higher Ed./Dept of Ed
Cornerstone Ed Loan Serv
P.O. Box 145122
Salt Lake City, UT 84114-5122

Valley Regional Surgery Center
283 Looney Road
P.O. Box 914
Piqua, OH 45356-0914

Village of Versailles
Utilities Department
177 North Center Street
P.O. Box 288
Versailles, OH 45380-0288

Village of Versailles Utilities Department
177 N. Center St.
PO Box 288
Versailles, OH 45380-0288

WILSON HEALTH
915 W MICHIGAN ST
SIDNEY OH 45365-2401

Wayne Healthcare
835 Sweitzer Street
Greenville, OH 45331-1007

Wilson Memorial Hospital
915 W. Michigan Street
Sidney, OH 45365-2491

Catherine J Yant
4560 Grubbs-rex Road
Arcanum, OH 45304-9236

John G. Jansing
Chapter 13 Trustee
131 North Ludlow St
Suite 900
Dayton, OH 45402-1161

Randall E Breaden
414 Walnut St
Greenville, OH 45331-1921

Robert J Yant
4560 Grubbs-rex Road
Arcanum, OH 45304-9236

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

RBC
283 Glessner Avenue
PO Box 1548
Mansfield, OH 44901-1548

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Autobanc Corp               (u)Ohio Bureau of Motor Vehicles            (u)Upper Valley Medical Center

End of Label Matrix
Mailable recipients    59
Bypassed recipients     3
Total                  62